IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| XAVIER FLORES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA, FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendants. | CIVIL NO. 15-00515 DKW-RLP<br><br>ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS |

**ORDER DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

On December 11, 2015, Plaintiff pro se Xavier Flores filed a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). The Complaint attempts to assert claims against the United States and the Federal Bureau of Investigation ("FBI"). Because Flores' claims are barred by the doctrine of sovereign immunity, and do not satisfy Rule 12(b)(6), the Court DISMISSES the complaint with prejudice and DENIES the Application as moot.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Flores is proceeding pro se, and, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).

Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to

infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

Rule 8 mandates that a complaint include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "[E]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 n.7 ("A federal court lacks subject matter jurisdiction over an

unconsented suit against the United States."). Lack of subject matter jurisdiction may be raised at any time. *Id.*

## **DISCUSSION**

Upon review of the Complaint and documents attached thereto, the Court finds that Flores fails to establish this Court's jurisdiction over this matter and to state a claim upon which relief may be granted. Flores states that he attempted to submit a hand-written report to the FBI field office in Kapolei, Hawaii, but was told by an unnamed duty agent that, "I will need to have a typewriter format as per F.B.I. procedure." Complaint at 3. Flores also alleges that he has a "Tentative Work agreement" with "the U.S. Government and the U.S. Business Community," and that the "DOJ-National Security Department should have a copy." *Id.* Littered throughout the Complaint are vague allegations relating to foreign intelligence operations, cyber-based attacks, and espionage. These incoherent assertions, according to Flores, entitle him to ten million dollars, which "can only be used to purchase housing, armored car, food, [and] education purposes." Complaint at 5.

The Court previously dismissed another complaint filed by Flores against Assistant United States Attorney Thomas Brady, which also referenced a "work

agreement" with the United States. *See Flores v. Brady*, Civil No. 15-408 DKW-RLP (Dkt. No. 6; 10/14/15 Order).[1]

Despite the Court's prior instruction, Flores again brings claims for damages against an agency of the United States, based on an alleged unsigned "work agreement," which appears neither authentic nor enforceable. *See* Exs. B, C, D, E, and F attached to Complaint. As the Court explained in the order of dismissal in *Flores v. Brady*, Civil No. 15-408 DKW-RLP ("10/14/15 Order"), such claims against the United States and its agencies are barred by the doctrine of sovereign immunity. *See* 10/14/15 Order at 9-10. Any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States. *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001); *see also Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). The United States, as a sovereign, is immune from suit

---

[1] In that case, Flores alleged that AUSA Brady would not investigate certain matters relating to "national security" or let Flores speak to Florence Nakakuni, United States Attorney for the District of Hawai'i. The complaint in Civil No. 15-408 DKW-RLP alleged that: "This action is against my work agreement. . . . It's been my experience that when these public officials action therein (sic), are a result of them conspire to do harm and questionable intents." *Flores v. Brady*, Civil No. 15-408 (Dkt. No. 1). The Court dismissed that complaint for lack of subject matter jurisdiction and explained to Flores that the federal defendants were immune from suit and that his allegations lacked facial plausibility. *Flores v. Brady*, Civil No. 15-408 DKW-RLP (Dkt. No. 6; 10/14/15 Order).

unless it has waived its immunity. Because there is no evidence or allegation that the United States has done so here, the Court lacks subject matter jurisdiction over the claim. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

Second, the Court finds that based on even the most liberal construction of the Complaint, Flores has identified no source of any legal right that would entitle him to any relief against the FBI or the United States. To the extent he alleges that the FBI owes him ten million dollars because it refused to accept his hand-written report, he fails to state a claim upon which relief can be granted by this Court. *See Erum v. County of Kauai*, 2008 WL 763231, at * 5 (D. Haw. Mar. 20, 2008) ("Individuals' First Amendment right to petition their government is not mirrored in a governmental obligation to respond to the exercise of that right.") (citing *Minn. State Bd. for Comm. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."); *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."); *cf.*

*DeShaney v. Winnebago Country Dept. of Soc. Servs.,* 489 U.S. 189, 195-96 (noting that the Fourteenth Amendment generally confers no affirmative obligations on the Government)). Accordingly, Flores does not allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). In sum, even assuming the truth of the statements set forth in the Complaint, these allegations fail to state claims upon which this Court may grant relief.

Having screened the Complaint, the Court DISMISSES it and DENIES the Application as moot. Because (1) defendants are immune from suit and the Court is without subject matter jurisdiction, and (2) because Flores has failed to assert a plausible claim for relief, the Court finds that granting Flores leave to amend his Complaint would be futile—no amendment would remedy his inability to assert these claims.

## **CONCLUSION**

Based upon the foregoing, the Complaint is DISMISSED without leave to amend, and the Application is DENIED as moot. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: December 15, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Xavier Flores v. United States of America, et al.*; Civil No. 15-00515 DKW-RLP;
**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**